UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF<br>HOMELAND SECURITY,<br>245 Murray Lane SW<br>Washington, DC 20528<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 21-cv-1171 |

## COMPLAINT

1. Plaintiff American Oversight brings this action against the U.S. Department of Homeland Security under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from

continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant U.S. Department of Homeland Security ("DHS") is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The DHS Privacy Office ("DHSHQ") coordinates FOIA requests for several DHS components, including the Office of the Secretary and Deputy Secretary, the Office of the Executive Secretary, the Office of Intergovernmental Affairs, the Management Directorate, the Office of Policy, the Office of Legislative Affairs, and the Office of Public Affairs. DHS has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

7. On January 24, 2019, DHS announced the implementation of the Migrant Protection Protocols (MPP), to allow U.S. officials to return asylum-seekers and others

attempting to cross the U.S.-Mexico border back to Mexico while their claims are being adjudicated in U.S. immigration courts.[1]

8. Beginning on January 31, 2019, American Oversight submitted several FOIA requests to DHS seeking to shed light on the details of the MPP.

*MPP Communications FOIA*

9. On January 31, 2019, American Oversight submitted a FOIA request to DHS seeking access to the following records:

1. All final talking points prepared for Secretary Nielsen regarding the MPP and issues related to it, such as plans for lodging asylum seekers in Tijuana, plans for transporting migrants to and from Tijuana, expansion of the protocol to additional ports of entry, etc. This request includes talking points prepared for intergovernmental meetings, cable news appearances, Congressional engagements, or any other official events for which final talking points were prepared.

2. Any final legal analyses relating to the MPP prepared by or provided to DHS officials.

3. All communications, meeting notices, meeting agendas, informational materials, talking points, or other materials exchanged with the U.S. Embassy in Mexico City regarding the MPP.

   For this portion of the request, please provide all responsive documents from December 1, 2018, through January 31, 2019.

4. All communications (including email messages, email attachments, text messages) with the White House Office, including any individual with an email address ending in @who.eop.gov, regarding the MPP.

   For this portion of the request, please provide all responsive documents from December 1, 2018, through January 31, 2019.

5. All email communications between or among (1) any DHS official in Column A, below, and (2) any employee or representative of the organizations in Column B, below, including messages where such individuals were carbon copied or blind carbon copied. This request

---

[1] *See* Dep't of Homeland Sec., *Migrant Protection Protocols*, Jan. 24, 2019, https://www.dhs.gov/news/2019/01/24/migrant-protection-protocols.

3

includes all prior messages (whether incoming or outgoing) reflected in any responsive emails and any attachments to any responsive emails.

[Table of identified DHS Officials and Outside Organizations omitted.]

Please provide all responsive records from December 1, 2018, through January 25, 2019.

6. Records sufficient to identify any procedures, standards, guidance, policies, and rules for the supervision and lodging of unaccompanied minors under the Migrant Protection Protocol.

10. On February 5, 2019, DHS assigned this "MPP Communications FOIA" tracking number 2019-DHS-HQFO-00367.

11. On February 2, 2021, DHS notified American Oversight of its determination that it had not located any records responsive to American Oversight's request.

12. American Oversight filed a timely appeal on March 8, 2021, challenging the agency's determination that no responsive records existed as to American Oversight's request.

13. DHS assigned American Oversight's appeal tracking number 2021-HQAP-0064.

*MPP Policies FOIA*

14. On September 30, 2019, American Oversight submitted a FOIA request to DHS seeking access to the following records:

1. All records reflecting any formal or informal policies, procedures, instructions, or guidance regarding lodgings or housing for asylum applicants directed back to Mexico pursuant to the Migrant Protection Protocols (MPP). Responsive records should include any documents provided either to DHS officials or directly to asylum applicants.

2. All records reflecting any formal or informal policies, procedures, instructions, or guidance regarding the provision of transportation for asylum applicants directed back to Mexico pursuant to the Migrant Protection Protocols (MPP), including but not limited to arrangements with the government of Mexico for any such transportation. Responsive records should include any documents provided either to DHS officials or directly to asylum applicants.

4

3. Any final reports, briefs, or other final documents created by or provided to DHS or CBP leadership regarding any risk of homicides, kidnapping, or other safety concerns posed to asylum-seekers subject to the Migrant Protection Protocols (MPP).

4. Records sufficient to show the total number of asylum seekers directed to remain in Mexico pursuant to the Migrant Protection Protocols (MPP), and/or any estimations thereof.

5. Records sufficient to show the total number of minors remaining in Mexico pursuant to the MPP, and/or any estimations thereof.

American Oversight requests that DHS search all locations and custodians likely to have responsive records, and at a minimum the records of the following officials:
  i. Kevin McAleenan
  ii. Kirstjen Nielsen
  iii. David Pekoske
  iv. Chad Wolf
  v. Christina Bobb
  vi. John Mitnick
  vii. Miles Taylor
  viii. Michael Dougherty
  ix. Dimple Shah
  x. Cameron Quinn
  xi. Julie Kirchner
  xii. Anyone serving in the capacity of White House Liaison or Advisor

15. On October 16, 2019, DHS assigned the MPP Policies FOIA tracking number 2020-DHS-HQFO-00013.

16. On February 16, 2021, DHS notified American Oversight of its determination that it had not located any records responsive to American Oversight's request.

17. American Oversight filed a timely appeal on March 8, 2021, challenging the agency's determination that no responsive records existed as to American Oversight's request.

18. DHS assigned American Oversight's appeal tracking number 2021-HQAP-0065.

*MPP Key Terms FOIA*

19. On March 23, 2020, American Oversight submitted a FOIA request to DHS seeking access to the following records:

> All email communications (including complete email chains, email attachments, calendar invitations, and attachments thereto) <u>sent</u> by any of the USCIS officials or employees listed below containing any of the following terms:
>
> a. "MPP"
> b. "M.P.P."
> c. "Migrant Protection Protocols"
> d. "Migrant Protection Protocol"
> e. "remain in Mexico"
> f. "remain-in-Mexico"
> g. "RIM"
> h. PACR
> i. "Prompt Asylum Claim Review"
> j. "Asylum Cooperation Agreement"
> k. HARP
> l. "Humanitarian Asylum Review Process"
> m. "soft-sided"
> n. "soft sided"
> o. "safe third"
> p. "safe 3rd"
>
> The search may be limited to the following DHS custodians:
> i. Chad Wolf, Acting Secretary
> ii. Chad Mizelle, Chief of Staff
> iii. Ken Cuccinelli, Acting Deputy Secretary
>
> Please provide all responsive records for all requests from November 13, 2019 through the date the search is conducted.

20. On March 26, 2020, DHS assigned the MPP Policies FOIA tracking number 2020-DHS-HQFO-000738.

21. On February 16, 2021, DHS notified American Oversight of its determination that it had not located any records responsive to American Oversight's request.

6

22. American Oversight filed a timely appeal on March 8, 2021, challenging the agency's determination that no responsive records existed as to American Oversight's request.

23. DHS assigned American Oversight's appeal tracking number 2021-HQAP-0066.

*Exhaustion of Administrative Remedies*

24. As of the date of this complaint, DHS has failed to (a) notify American Oversight of any determination regarding its administrative appeals; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

25. Through DHS's failure to make a determination regarding American Oversight's appeals within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552
## Failure to Conduct Adequate Searches for Responsive Records

26. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

27. American Oversight properly requested records within the possession, custody, and control of DHS.

28. DHS is an agency subject to FOIA, and it must therefore make reasonable efforts to search for requested records.

29. DHS has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

30. DHS's failure to conduct an adequate search for responsive records violates FOIA and DHS regulations.

31. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

32. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

33. American Oversight properly requested records within the possession, custody, and control of DHS.

34. DHS is an agency subject to FOIA, and it must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

35. DHS is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

36. DHS is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

37. DHS's failure to provide all non-exempt responsive records violates FOIA and DHS regulations.

38. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated:  April 29, 2021

Respectfully submitted,

*/s/ Hart W. Wood*
Hart W. Wood
D.C. Bar No. 1034361

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 873-1743
hart.wood@americanoversight.org

*Counsel for Plaintiff*